JULIUS A. SMITH'S ADM'R *v.* LOUISVILLE BENEVOLENT & RELIEF
ASSOCIATION.

**Administrator, Maintenance of Action—Decedent's Association Membership.**

Where a decedent died prior to any distribution of the proceeds
of an association of which he was a member, and before the members
were empowered by law, in the event of a dissolution, to retain the
property among themselves, the administrator cannot maintain an
action against the living members for contribution.

**Decedent's Association Membership.**

Where, under the rules of an association of which decedent was a
member it was provided that at the death of a member his wife or
mother would be entitled to certain named benefits, it is held where
the wife died prior to her husband, but decedent's stepmother survived
him that such stepmother is not entitled to such benefits.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 15, 1874.

OPINION BY JUDGE PRYOR:

The administrator of Julius A. Smith can maintain no action
against the appellee or its members for contribution, for the reason
that his intestate died long before there was any distribution of the
proceeds of the association (if any has been made), and before the
members of the association were empowered by legislative enact-
ment, in the event of a dissolution, to retain the property among
themselves.

At Smith's death, by the terms of the charter, as a consideration
for what he had paid, and by reason of his membership, his rela-
tions, such as are designated by the charter, become entitled to cer-
tain benefits. The widow is to have twenty dollars per month, and
if no widow or child, his mother is entitled to the same benefits. In
the present case, Smith died without leaving a wife or children, but
leaving surviving him a stepmother, who, in conjunction with his
administrator, is prosecuting this action. There was no legal or
natural obligation on the part of Smith to support and maintain his
stepmother, and the relation between them was not such as would
entitle her to the beneficent provision of the act in question. One
may stand in *loco parentis* to another, and as such become respon-
sible for the maintenance and education of the child for the reason
that the latter is held out to the world as one of the family. So the
intestate might have been made liable for the support and main-

tenance of a stranger when based upon a sufficient consideration. The mere moral obligation, if any, to maintain in either case would not authorize a recovery against the intestate, and it was never contemplated that the clause of the charter in question entitled those occupying the relation of stepmother to its beneficial provisions. There was neither a natural nor legal obligation on the part of Smith to maintain the appellant (his stepmother) ; and as he having died without leaving any such kindred as those mentioned in the charter and who were alone entitled to the benefits, the money paid by him into the association passes to the surviving members. The judgment is therefore *affirmed.*

*Armstrong & Flemming, for appellant.*
*Russell & Helm, for appellee.*